May it please the Court, I'm David Shannon from the Federal Defender's Office of Tucson, Arizona. I represent Mr. Guzman-Mata, the defendant below the appellant here. The immigration statute qualifies its definition of aggravated felony, where it's talking about an aggravated felony that is alien smuggling, with a qualifier that it not be first offense family smuggling. The problem in this case, as I see it, is how to fit that qualifier. And I kind of hesitate to use the word qualifier because that brings with it some baggage from other cases, but I don't know what else to call it. It's a factor, it's a qualifier, it's something that it's not first offense family smuggling under the immigration statute. But the statute says where the burden of proof lies, and the question is whether there's something wrong. First of all, do you disagree that the statute says where the burden of proof lies? Guzman-Mata, Jr.: I agree that the statute says where the burden of proof lies in the immigration context. One has to remember that this is a statute that was designed to handle the way these felonies were treated in the removal context, in the immigration context, and then it was pulled into the guidelines. I do not agree that the burden should remain on the defendant under the guidelines. However, I think before the Court reaches that question, the Court has to determine where this qualifier fits into the sentencing guidelines structure. And I believe that it fits in as an element. And that changes the balance in terms of how we deal with the burden of proof. The reason I say that I think it fits in as an element, first, it is a factor or a qualifier or whatever that has to do with the way in which the crime was committed. It is part of the facts of the commission of the offense. Now, this Court has a well-established way for dealing with those kinds of factors under the guidelines, treating them as elements. Scalia. But don't we really, in our case law, suggest that if one wants to show a mitigation of the seriousness of the offense, then it's on the defendant to show that mitigation? Guzman-Mata, Jr.: It is true that when the defendant is seeking an adjustment under the guidelines, that the burden is on the defendant. I have no quarrel with that proposition. But the adjustment that's being sought here is a 16-level upward adjustment, and it is the government that is seeking that adjustment. The problem here under Aguila-Montes, which was just decided September or, no, January 20th. Kagan. Which case, I'm sorry? Aguila-Montes. I gave a 28-J letter on it. I only realized the significance of it this weekend. It's been out since January 20th. I apologize for the delay. But the – in that case, this Court looked back on a previous attempt it had made in the earlier opinion in Aguila-Montes before rehearing at dealing with a qualifier as something other than an element. In that case, it was the California burglary statute, and it was the requirement of unlawful entry. However, under the California burglary statute, there's no language in it like it is here. I mean, the bottom line is, my colleague Judge Berzon put it pretty straight, it's except in the case of a first offense for which the alien has affirmatively shown. Now, the California burglary statute doesn't have that language in it. No, it does not, Your Honor. And I agree that makes – that makes a difference, but it makes a difference at the second step in the analysis and only if you get that far. We first have to figure out what is this. Is it some sort of free-floating factor? Yes. Kagan. You're assuming – is it critical to your position that a Taylor approach applies to this? It is on this part of the approach. On this part of the approach. Why would that be? That would be because I believe that we have no other way under the guidelines, under the sentencing guidelines, to deal with a fact that is part of the commission of the offense. We have to deal with it as an element of the offense because other attempts to do something beyond that, to say it's a qualifier but it's not an element, we don't have to apply the Taylor approach, have been rejected in this Court. I mean, that's what uglimontous. It has depended on the particular statute. There are certain statutes which have been interpreted to permit the introduction of evidence at Stage 2, essentially at the sentencing stage or at the stage of the present crime as opposed to relying on conviction. Some – most statutes are read so that the conviction is controlling. And when you're dealing with guilt or innocence, you have to do that or you run into apprendi and so on. But when you're dealing with sentencing, you don't need to do that. Well, this Court has applied the Taylor approach sometimes. Most of the time, but not all the time. To elements. When it's an element of the offense. Circular, right? That's a circular thing, right? We need to know, what about the statute would tell you that the Taylor approach applies as opposed to allowing the introduction of evidence on this issue? The fact that it deals with how the crime was committed rather than something other than how the crime was committed. For example, in Butler, where the Taylor approach was not used. In which one? Butler. It's cited in my brief. In Butler, cited in my brief, the Taylor approach was not used. But it was not used because what they were talking about was whether the defendant was on probation at the time of the current offense. That is not a fact about the commission of the prior offense. It's not even a fact about the sentence of the prior offense. It's a fact about something that happened outside of it. But there are cases, Bayen was one, and there are others, in which there is evidence which don't use the Taylor approach. But there's also Salazar-Lopez in that case, which is cited in Butler. In that case, they did not use the Taylor approach, but it was for the same kind of reason, that the timing of the conviction, that case had to do with the timing of the conviction in relation to a subsequent removal. And the Court said, no, we don't do a Taylor approach on that. That's not part of the commission of the prior offense. The thing I'm worried about, Your Honor, and the reason I believe that the Taylor approach should be followed in this case is precisely because of this Court's decision in Navarro-Lopez that said that you have to look at the elements. If the element is not there in the statute, that's the end of the analysis. But this one is never going to be in the statute. Pardon me? This element is never going to be in the statute. Well, and, you know, that was also true in cases such as Chang and Kawashima, where we used the Taylor-type approach. Those were the cases where there was a $10,000 requirement for fraud or deceit cases under the immigration law. But they're the statutory language required using the Taylor approach. The question then becomes what is the Taylor approach? But the statutory language talked about conviction. That's not what it says here. Well, the statutory language in that case, in the statute of conviction, talked about fraud and deceit. It did not talk about amounts at all. And the Court simply said, well, that's just the way it goes. Those statutes cannot be used under Navarro-Lopez. And if we create a situation where we look at things as not elements and we can just bring them in to be considered in some other fashion, Navarro-Lopez, in a sense, goes out the window, because they could have done that in Chang. They could have done that in Kawashima. However, again, I bring you back to the problem. And I guess the cases that you cite for your argument, Chang, Kawashima, and others, all do not contain language such as this statute. I mean, this statute is pretty clear. It isn't – it doesn't say the government shall prove.  It says the alien has affirmatively shown. And, frankly, that is a total difference than any of the cases that you cite. It is, Your Honor, but I have to – sorry. And so if you agree with that, I guess my worry is that you're asking me then to go across the congressional statute suggesting the same. What do I do with Gravenmire, where it says, Contentions that exceptions in 18 U.S.C. 922.0 set forth additional elements? They said no. They reject those contentions. They're instead exceptions. What do I do with McKelvey, where it says the defendant who relies on an exception or elsewhere has the burden of establishing and showing that he has to come within the burden of the exception? I mean, for each one of these arguments, I run up against that same language. And let me address that, Your Honor. Let me address the burden of proof issue. The statute sets the burden of proof within the immigration context, and I agree with you the statute says what it says. But the problem is some of the other cases you're citing, those exceptions, those affirmative defenses, those are in the statute of conviction. And the defendant had an opportunity to raise those issues at his previous conviction trial. But just to say that one cites it in the statute of conviction and one doesn't is a little bit hard for me to accept. I mean, I go right to the statute, and it says alien smuggling. I go right to where alien smuggling is in 8 U.S.C. 1101A43N, and it tells me this is what it is, the meaning, and then it tells me where to go to. And then I go to 8 U.S.C. 1101, and I find an offense described in paragraph 1A or 2. And if I go to 1324A1A or 2, I've got the government's proof, and that's all the government had to do. I would like to respond, Your Honor, but my time is up. Why don't you respond? I have a question as well. Thank you. The response to that, Your Honor, is that it does set the burden, I believe, that the immigration context, if you look at the other cases such as Sandoval-Lewa that this case, that this Court has decided in the immigration context, the Court has said that even though the statute appeared to put the burden on the defendant, the Court was reluctant to do that when they transformed that into part of a criminal sentencing process. And they say that the defendant can meet that burden simply by showing an inconclusive record, which is exactly what was before the Court in this case. There was only the bare fact of conviction in the PSI. And what's happened here, this is the immigration statute is not the crime of conviction, right? It is a definition of aggravated felony. And all that's happened is that the sentencing guidelines have imported that definition, right? So I gather that means that we just take the language of 101A43N and we transport it into the sentencing guidelines, and so, therefore, the affirmative language is now part of the sentencing guidelines. It's not simply the crime of conviction. It's the definition of an aggravated felony. So now the sentencing guidelines are saying that the defendant has affirmatively to show this. So where is the ambiguity? The result of treating it that way, Your Honor, would mean that we would have to have what Taylor and Shepard and other cases have cautioned against for good policy reasons, which is we would have to have a mini- This is an odd statute, and this is what it says. We would have to have a mini-trial in the district court on the facts of the fact- Correct. And that's why I began by saying is there anything wrong with this? I mean, is there anything constitutionally wrong with it, as opposed to it just seems absolutely, lucidly clear that's what it says. Because we're under the guidelines, I don't believe it is a constitutional issue, although there is a raging argument about that.   Thank you, Your Honor. We'll give you a minute in rebuttal. Thank you very much. Thank you. You should tell us only as much as you think you need to. Pardon me? You should tell us only as much as you think you need to. Okay. I'll first tell you good morning. I'm Celeste Gwilett here on behalf of the United States. The defendant still has not addressed, either in his briefs or today before the Court, that the critical issue that the language is unambiguous, as this Court has described. The statute is unambiguous. It is the defendant's burden. And this Court has recognized this already in the unpublished case of Figueroa  Also, there has been a Fifth Circuit case, published Fifth Circuit case in Ravenal, that is directly on point in how the same that the burden is on the defendant. And again, they just used standard statutory construction to show that the plain language governs, that it is the defendant's burden, and there was no plain error by the district court in affirming. And we ask this Court to affirm the district court's ruling. Just briefly, some of the questions that defense counsel had are discussed on whether or not Taylor has to apply. And this Court has already discussed in the Byung case, Mi Kyung Byung, that there are points where Taylor does not apply. And as the Court alluded to, it's where there's critical language in that statute. And that's in this one. And in that exception statute, it talks about when the defendant committed, whether or not he committed this crime for the purpose of conviction. And there would be a problem doing that at the conviction stage, but there's not a problem at the sentencing stage. Exactly. And the language on whether or not there was a conviction is that first section on whether there was a conviction of 1324. That is when Taylor would apply if we somehow were not able to show the conviction. And here we were able to show we did meet our burden of proof there was a conviction. But in that second half, the exception where the language is clear and unambiguous, then it's whether or not the defendant committed the offense. And that's where you can bring in outside factors so that the defendant wouldn't have the barrier of not being able to show that, because he would be able to show or bring in proof outside the judicially noticeable documents that it is a family member. Unless the Court has anything else, the government would rely on its briefs. Thank you. Thank you. Do I have anything to add, or about a minute? Not a minute's worth, Your Honor. Okay. I feel like I'm swimming and I'm very far from shore here, but I just want to mention that the ---- Actually, that's unusual and clear. But I do want to point out that in the Meekyong-Byun case, that was a SORNA case. It was a sex offender registration case. It was not a criminal case. And this Court did say that it would have been very hesitant to apply the same approach where criminal penalties were involved. Let me ask you this. There's a Tenth Circuit case, U.S. v. Martinez-Condajas, C-A-N-D-E-J-A-S, 347 Fed 3rd 853, which suggests the exact approach that's been articulated by Judge Berzon and suggests that, thus, under the reasoning of their case law, the categorical approach is not applicable to enhancements based on the prior alien smuggling offenses which the defendant could negate by showing he smuggled only family members. Are you articulating that we ought to take a different view than the Tenth Circuit? First, Your Honor, I'm not familiar with that Tenth Circuit case. I didn't run across it. I ran across the Ravines case that's been talked about here, but not that one. So I'm not exactly sure what their proposal was. But, yes, I am suggesting something different. I'm suggesting that we treat this as a as an element in order to avoid a sort of slippery slope problem where we start treating things that are part of the actual commission of the offense as something other than elements. I know this Court has done it in other cases where there are things that I think are somewhat more separated from the commission of the offense, but that is what I'm suggesting, that we take a more rigid approach in order to preserve the efficacy of Navarro-Lopez. Thank you very much. Thank you, counsel. The case of United States v. Guzman-Mata will be submitted.
judges: Noonan, Berzon, Smith